**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1977**

E.S., a minor by his parents and next friends, B.S. and M.S.; B.S.; M.S.,

Plaintiffs - Appellants,

v.

JACK R. SMITH, (officially as) Superintendent, Montgomery County Public Schools; MONTGOMERY COUNTY BOARD OF EDUCATION,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:17-cv-03031-PWG)

Submitted: March 29, 2019                    Decided: May 24, 2019

Before NIEMEYER, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael J. Eig, Meghan M. Probert, Paula A. Rosenstock, MICHAEL J. EIG & ASSOCIATES, PC, Chevy Chase, Maryland, for Appellants. Joshua Civin, Zvi Greismann, Emily B. Rachlin, Office of the General Counsel, MONTGOMERY COUNTY PUBLIC SCHOOLS, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

E.S., a minor by his parents and next friends, B.S. and M.S., appeal the district court's order granting summary judgment to Defendants and denying Plaintiffs' motion for summary judgment in Plaintiffs' action under the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400 -1482 (2012) ("IDEA"). Finding no error, we affirm.

Plaintiffs contend the Montgomery County Public Schools ("MCPS") violated IDEA by denying E.S. a free and appropriate public education ("FAPE"). More specifically, Plaintiffs allege that E.S.'s parents were not included in planning meetings concerning E.S.'s Individualized Education Program ("IEP"). Instead, Plaintiffs contend MCPS predetermined the IEP in violation of IDEA. They argue that this type of violation, after the 2004 amendments to the IDEA, cannot be harmless error and must result in the school system providing the requested relief because a FAPE cannot be provided when the parents are excluded from the process. The Appellants assert that a predetermination procedural error per se significantly impedes a parent's right to participate in the decisionmaking process and, therefore, the student could not have received a FAPE.

The district court agreed that MCPS had not complied with the IDEA. However, it found the noncompliance to be procedural and harmless.[*] It concluded the procedural errors did not deprive E.S. of a FAPE.

---

[*] The district court concluded that MCPS committed a procedural IDEA violation, and we agree.

2

Plaintiffs' argument was addressed recently by this Court. We recently held that "[u]nless an ALJ determines that a given procedural violation denied the child a FAPE, she may only order compliance with the IDEA's procedural requirements and cannot grant other forms of relief, such as private placement or compensatory education." *R.F. v. Cecil Cty. Pub. Schs.*, ___ F.3d ___, ___ 2019 WL 1319830, at *8 (4th Cir. Mar. 25, 2019) (No. 18-1780). In *R.F.*, we stated a three-step inquiry to determine whether a procedural violation results in a substantive violation of the IDEA:

> Under § 1415(f)(3)(E)(ii)(II), an ALJ must answer each of the following in the affirmative to find that a procedural violation of the parental rights provisions of the IDEA constitutes a violation of the IDEA: (1) whether the plaintiffs 'alleg[ed] a procedural violation,' (2) whether that violation 'significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a [FAPE] to the parents' child,' and (3) whether the child 'did not receive a [FAPE] as a result.

*R.F.* 2019 WL 1319830, at *8, *citing* 20 U.S.C. § 1415(f)(3)(E). Applying this test, we find that the district court did not err. We have reviewed the extensive record in this case and find no reversible error. Although there may have been procedural violations of the IDEA, E.S. received a FAPE. Accordingly, in addition to relying on our recent test outlined in *R.F.*, we affirm for the reasons stated by the district court. *E.S. v. Smith*, No. 8:17-cv-03031-PWG (D. Md. July 23, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*